1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney

2

3  THOMAS A. COLTHURST (CABN 99493)
   Chief, Criminal Division

4  ERIC CHENG (CABN 274118)
   AJAY KRISHNAMURTHY (CABN 305533)

5  ALETHEA SARGENT (CABN 288222)
   Assistant United States Attorneys

6
        1301 Clay Street, Suite 340S
7       Oakland, California 94612
        Telephone: (510) 637-3680
8       FAX: (510) 637-3724
        Eric.Cheng@usdoj.gov
9       Ajay.Krishnamurthy@usdoj.gov
        Alethea.Sargent@usdoj.gov

10

11 Attorneys for United States of America

12                  UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

                        OAKLAND DIVISION
14

15 UNITED STATES OF AMERICA,            )  NO. CR 23-CR-00267 YGR
                                        )  [FILED AUGUST 16, 2023]
16          Plaintiff,                  )
                                        )
17      v.                              )
                                        )
18 TIMOTHY ALLEN MANLY WILLIAMS,        )
                                        )
19          Defendant.                  )
                                        )
20

21 UNITED STATES OF AMERICA,            )  NO. CR 23-CR-00269 AMO
                                        )  [FILED AUGUST 16, 2023]
22          Plaintiff,                  )
                                        )  **NOTICE OF RELATED CASE IN A CRIMINAL**
23      v.                              )  **ACTION**
                                        )
24 MORTEZA AMIRI,                       )
   ERIC ALLEN ROMBOUGH, and             )
25 DEVON CHRISTOPHER WENGER,            )
                                        )
26          Defendants.                 )
                                        )
27

28

## I.    BACKGROUND

On August 16, 2023, the Grand Jury returned four (4) indictments in the following cases charging current and former members of the Antioch Police Department (APD) and Pittsburg Police Department (PPD):

- Case No. 23-cr-00264 JSW, *United States v. BERHAN et al.*: 18 U.S.C. § 1349 (conspiracy to commit wire fraud) and 18 U.S.C. § 1343 (wire fraud).  The indictment alleges a scheme to defraud by current and former members of APD and PPD involving fraudulent coursework and college degrees to obtain reimbursements toward tuition and expenses, as well as pay raises and/or increased benefits upon completion of a degree, and related conduct.  The indictment charges six defendants: (1) Patrick James BERHAN (PPD); (2) Morteza AMIRI (APD); (3) Amanda Carmella THEODOSY (PPD); (4) Samantha Genoveva PETERSON (APD); (5) Ernesto Juan MEJIA-OROZCO (PPD); and (6) Brauli RODRIGUEZ JALAPA (PPD).  AMIRI is also a defendant in Case No. 23-cr-00269 AMO (civil rights) below.

- Case No. 23-cr-00267 YGR, *United States v. MANLY*: 18 U.S.C. § 1519 (destruction, alteration, and falsification of records in federal investigations); 18 U.S.C. § 1512(c)(2) (obstruction of official proceedings); and 18 U.S.C. § 242 (deprivation of rights under color of law).  The indictment alleges, among other things, that Manly engaged in obstructive conduct by calling the target of a wiretap and preventing the call from being recorded or accurate records of the call from being created.  The indictment also alleges deprivation of rights under color of law for seizing and destroying a victim's telephone.  The indictment charges a sole defendant: Timothy Allen MANLY WILLIAMS ("MANLY").

- Case No. 23-cr-00268 HSG, *United States v. HARRIS and WENGER*: 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(E)(i) (conspiracy to distribute and possession with intent to distribute; attempted possession with intent to distribute); 21 U.S.C. §§ 841(a)(1) and (b)(1)(E)(i) (possession with intent to distribute); 18 U.S.C. § 1519 (destruction, alteration, and falsification of records in federal investigations).  The indictment alleges a conspiracy involving two APD officers to distribute and possess with intent to distribute anabolic steroids, Schedule III controlled substances, and related conduct.  The indictment charges

1   two defendants: (1) Daniel James HARRIS and (2) Devon Christopher WENGER.

2   WENGER is also a defendant in Case No. 23-cr-00269 AMO (civil rights) below.

3   • Case No. 23-cr-00269 AMO, *United States v. Morteza AMIRI et al.*: 18 U.S.C. § 241

4   (conspiracy against rights); 18 U.S.C. § 242 (deprivation of rights under color of law); and 18

5   U.S.C. § 1519 (destruction, alteration, and falsification of records in federal investigations).

6   The indictment alleges a scheme involving three APD officers to violate the civil rights of

7   residents in and around Antioch, California, violations of deprivation of rights under color of

8   law, and related conduct.  The indictment charges three defendants: (1) Morteza AMIRI; (2)

9   Eric Allen ROMBOUGH; and (3) Devon Christopher WENGER.  AMIRI is also a defendant

10   in Case No. 23-cr-00264 JSW (fraud) above, and WENGER is also a defendant in Case No.

11   23-cr-00268 HSG (anabolic steroid distribution) above.

12   ## II.   RELATED CASES

13   ### A.   Case Nos. 23-cr-00267 YGR and 23-cr-00269 AMO

14   Pursuant to Local Criminal Rule 8-1, the United States of America hereby notifies the Court that

15   the following two (2) cases are related:

16   • Case No. 23-cr-00267 YGR, *United States v. MANLY*; and

17   • Case No. 23-cr-00269 AMO, *United States v. AMIRI et al.*

18   The conduct alleged in these two indictments is related in terms of time, events, perpetrators, and

19   witnesses, and the government anticipates that evidence that the government produces in these cases and

20   may be admitted at trial will overlap.  Moreover, both cases involve violations of 18 U.S.C. § 242,

21   deprivation of rights under color of law.  Although the two indictments identify different alleged

22   violations of rights involving excessive force and unconstitutional seizure, there is nonetheless

23   overlapping caselaw detailing the standards pertaining to the alleged Fourth Amendment violations.

24   Counts 2–5 of *United States v. AMIRI et al.*, Case No. 23-cr-00269 AMO, allege that AMIRI

25   used excessive force in deploying his police K-9 to bite certain individuals.  Specifically, Count 2 of that

26   indictment alleges that AMIRI deployed his police K-9 to bite "A.A." in the presence of Officer-1, a

27   then-PPD police officer (and AMIRI's roommate) who was in AMIRI's car for a ride-along.  Officer-1

28   was MANLY, the sole defendant in *United States v. MANLY*, Case No. 23-cr-00267 YGR.  The *United*

1  *States v. AMIRI et al.* indictment describes communications following the incident indicating that

2  MANLY in fact released the canine from AMIRI's car and that AMIRI was "sure if [A.A.] started

3  kicking my ass [MANLY]'d jump in."  Count 9 alleges that AMIRI violated 18 U.S.C. § 1519,

4  including for omitting reference to MANLY in his official reports and that MANLY participated in the

5  deployment of the canine.  As alleged in the indictment, AMIRI and MANLY also communicated about

6  ROMBOUGH's uses of force.  For example, the indictment alleges that when AMIRI asked MANLY if

7  one 40mm less lethal deployment by ROMBOUGH was "deserved," MANLY responded, "No," with an

8  accompanying emoji.

9          The allegations of *United States v. MANLY*, Case No. 23-cr-00267 YGR, also involve evidence

10  related to AMIRI's uses of force.  Count 3 of that indictment alleges that, while an APD officer,

11  MANLY destroyed a resident's mobile telephone when he was recording the aftermath of another APD

12  officer's deployment of a police K-9 on a suspect.  That APD officer was AMIRI.  Following the

13  incident, AMIRI and MANLY communicated via text message about MANLY's phone "smash."

14          For these reasons and pursuant to Local Criminal Rule 8-1(c)(4), government counsel states that

15  assignment of *United States v. MANLY*, Case No. 23-cr-00267 YGR, and *United States v. AMIRI et al.*,

16  Case No. 23-cr-00269 AMO, to a single judge is likely to conserve judicial resources and promote an

17  efficient determination of each action.

18      **B.      Case Nos. 23-cr-00264 JSW and 23-cr-00268 HSG**

19          The United States of America also hereby notifies the Court that the remaining two (2) cases

20  may also be related to the above-captioned two cases:

21      • Case No. 23-cr-00264 JSW, *United States v. BERHAN et al.*; and

22      • Case No. 23-cr-00268 HSG, *United States v. HARRIS and WENGER*.

23          AMIRI is a defendant in both Case No. 23-cr-00264 JSW (fraud) and Case No. 23-cr-00269

24  AMO (civil rights), while WENGER is a defendant in both Case No. 23-cr-00268 HSG (anabolic steroid

25  distribution) and Case No. 23-cr-00269 AMO (civil rights).

26          As described above, all four indictments charge current and former employees of APD and PPD.

27  Given that the cases do involve some of the same defendants, assignment to a single judge may conserve

28  judicial resources and promote an efficient determination of each action, such as with respect to trial

NOTICE OF RELATED CASES                                                                v. 7/10/2018

1  setting or sentencing.  However, the conduct alleged in these remaining two indictments do not involve

2  the same alleged events, occurrences, transactions, or property with the above-captioned two cases.

### III.     OTHER CASES

The United States of America also notes for the Court that it is aware of the following

previously-filed civil cases:

- 3:20-cv-02693-EMC, *Gattis v. City of Antioch et al.*, filed 04/17/20, closed 11/12/20 (AMIRI and ROMBOUGH among defendants);

- 3:23-cv-01895-TSH, *Allen et al v. City of Antioch et al.*, filed 04/19/23 (AMIRI, ROMBOUGH, and MANLY among defendants);

- 3:23-cv-02691-SI, *Young v. Wenger et al.*, filed 05/31/23 (WENGER among defendants); and

- 3:23-cv-03773-SI, *Robinson et al. v. City of Antioch et al.*, filed 07/28/23 (AMIRI, ROMBOUGH, MANLY, WENGER, and HARRIS among defendants).

None of the named plaintiffs in these civil cases are identified as victims in the above-referenced

four indictments at this time.  Accordingly, the civil cases do not appear to involve the same alleged

events, occurrences, transactions, or property as the above-referenced criminal cases, and assignment of

these civil cases with the criminal cases to a single judge is not likely to conserve judicial resources or

promote an efficient determination of each action.

DATED: August 23, 2023                         Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney


_____/s/_____
ERIC CHENG
AJAY KRISHNAMURTHY
ALETHEA SARGENT
Assistant United States Attorneys