Law Offices of
DENA MARIE YOUNG (CSB #215344)
2751 4th Street, PMB #136
Santa Rosa, CA 95405
Telephone: (707) 528-9479
Facsimile: (707) 692-5314
Email: dmyounglaw@gmail.com

Attorney for Defendant
DEVON WENGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DEVON WENGER<br><br>    Defendant. | Nos.  4:23-cr-00268-JSW<br><br>**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE*  No. 1 RE: COCONSPIRATOR STATEMENTS**<br><br>Date:  March 24, 2025<br>Time: 2:00 p.m.<br>Hon. Jeffrey S. White |

    Defendant DEVON WENGER, by and through his attorney of record, hereby submits the following response to the government's *Motion in limine*  No. 1 to admit conspirator statements.

**CO-CONSPIRATOR STATEMENTS**

**A. Government Proffer**

    The government has given notice that it intends to introduce a number of statements of people with whom Daniel Harris distributed drugs as co-conspirator statements under Fed.R.Evid. 801. These statements generally fall into four categories: (a) oral statements made by Harris to Mr. Wenger and

-1-
RESPONSE TO USA MIL 1

B.M.; (b) text messages by Harris to Mr. Wenger; (c) Statements made by Harris and his source J.M.; and (d) statements made by Harris to his other customers.

### B. General Principles

Under Federal Rules of Evidence Rule 801(d)(2)(e), a statement is not hearsay if the statement is offered against an opposing party, and was made by the party's coconspirator during and in furtherance of the conspiracy. The statement must be considered but does not by itself establish . . . the existence of the conspiracy or participation in it under (E). Fed.R.Evid 801(d)(2).

In order to introduce a statement of a coconspirator into evidence against a defendant, the government has the burden to demonstrate by a preponderance of the evidence, (1) the existence of the conspiracy; (2) the defendant's connection to it, and (3) that the statement was made during and in furtherance of the conspiracy. See *Bourjaily v. United States*, 483 U.S. 171, 175-76, 181-82 (1987). Although coconspirator statements alone cannot prove the existence of a conspiracy, the statements themselves may be considered in determining the existence of the conspiracy. *United States v. Gordon*, 844 F.2d 1397, 1402 (9th Cir. 1988); see also *Bourjaily*, 483 U.S. at 181; *United States v. Tamez,* 941 F.2d 770, 774-75 (9th Cir. 1991). Once a conspiracy is shown, the prosecution need only present slight evidence connecting the defendant to the conspiracy. *United States v. Mason*, 658 F. 2d 1263, 1269 (9th Cir. 1981). Proof of the slight connection "may be inferred by circumstantial evidence." *United States v. Reed*, 575 F.3d 900, 924 (9th Cir. 2009) (citing U*nited States v. Herrera-Gonzalez,* 263 F.3d 1092, 1095 (9th Cir. 2001)). The trial Court is responsible for assuring that a sufficient foundation exists for the admissions of co-conspirator statements. *United States v. Miranda-Uriarte*, 649 F. 2d 1345, 1349 (9th Cir. 1981).

### C. The Proffered Statements

Counsel for Mr. Wenger anticipates that Daniel Harris, will testify pursuant to his plea agreement that he conspired with J.M. and others (all of whom are unknown to Mr. Wenger) to import steroids into the United States and to distribute them to his customers. Statements of Harris to his customers and to his other partner dealers, are therefore of little probative value with respect to the existence of a

conspiracy. The real issue in this case is whether the government can connect Mr. Wenger to a conspiracy to distribute, or whether he was simply another victim of Daniel Harris' drug trade. Additionally, any "oral" statements of Mr. Wenger to Harris must be viewed with suspicion as there is no independent objective record of these statements, and Harris is expecting a substantial benefit from the government for his testimony.

## CONCLUSION

For the foregoing reasons, Mr. Wenger respectfully requests the Court evaluate carefully government's request to admit coconspirator statements.

DATED: March 9, 2025                    Respectfully Submitted,

                                        _____/s/_____
                                        DENA M. YOUNG

                                        Counsel for Defendant
                                        DEVON WENGER

RESPONSE TO USA MIL 1                   -3-