PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
AJAY KRISHNAMURTHY (CABN 305533)
ALETHEA M. SARGENT (CABN 288222)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Eric.Cheng@usdoj.gov
    Ajay.Krishnamurthy@usdoj.gov
    Alethea.Sargent@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-CR-00268 JSW |
| Plaintiff, | **UNITED STATES' TRIAL BRIEF** |
| v. | Pretrial Conference: March 24, 2025 |
| (2) DEVON CHRISTOPHER WENGER, | Trial Date: April 28, 2025 |
| Defendant. | Court: Hon. Jeffrey S. White |

    The United States respectfully submits this brief describing issues that may arise during trial.

**I. Background**

    The Indictment alleges that defendant Devon Christopher Wenger conspired with co-defendant Daniel Harris and others to distribute anabolic steroids, which are Schedule III controlled substances, in violation of 21 U.S.C. § 841, and altered, destroyed, or falsified records, in violation of 18 U.S.C. § 1519. Dkt. 1.

1    The government anticipates that the evidence at trial will show that Wenger conspired with co-defendant (and former Antioch Police Department officer) Daniel Harris and others to distribute anabolic steroids. The government expects Harris to testify at trial that that he purchased anabolic steroids for his own use, as well as to distribute to other law enforcement officers, from a source in Florida known to Harris as an individual with the initials J.M. Dkt. 113 (Harris Plea Agreement) at 4. Harris will testify that he sold anabolic steroids to Wenger and others. Dkt. 113 at 4.

The evidence will also show that Harris worked with his source to ship packages of steroids to many customers. *See, e.g.*, Dkt. 145-2 at 3 ("So this is a small one for my client and hoping you'll be able to get it out pretty quick."), *id.* ("For order #2 just get me a price and a time frame."). Wenger was aware that Harris sold steroids to others. Indeed, after purchasing steroids from Harris, Wenger noted to Harris that his "dad might want some too, he's trying to cut fat and gain muscle." Dkt. 145-4 at 2.

Wenger also connected Harris with his friend with the initials B.M., and Harris agreed to supply B.M. with anabolic steroids through Wenger. Dkt. 113 at 4. To that end, on March 2, 2022, at 12:22 pm, Wenger texted Harris and asked if he could "come by Monday or Sunday to pick up [B.M.'s] stuff?" Dkt. 145-5 at 3. A minute later, he wrote to B.M.: "I'm leaving to Long Beach on Tuesday, so I'll pick your stuff up from Dan on Monday or one of those days before I leave!" Dkt. 145-6 at 3. B.M. responded: "Fuck yeah!  LET'S GET FUCKING JACKEEEEEEEEEED." Dkt. 145-6 at 4. On March 9, 2022, Wenger contacted Harris again about B.M.'s order. Dkt. 113 at 5 ("Calling to see if I can pick up [B.M.'s] stuff."). Harris provided Wenger with tracking information showing that the package had been delayed. Dkt. 113 at 5. Wenger responded with "Fuck! No worries. I'll give him my new one and take one of his, does that work?" Dkt. 113 at 5.

The evidence at trial will also show that the specific package about which Harris and Wenger corresponded was seized and searched by law enforcement agents. *United States v. Amiri et al.*, 23-CR-269, Dkt. 180 at 4. The package contained anabolic steroids, including Testosterone Enanthate, Testosterone Propionate, and Trenbolone Acetate, among other substances.

The evidence at trial will also show that, on March 23, 2022, law enforcement agents seized Wenger's phone. However, prior to the seizure of the phone, certain content—including full message

threads with Harris and B.M., as well as call log entries showing contacts with Harris and B.M.—had been deleted from Wenger's phone. *See* Dkt. 184-4 at 2. In addition, although review showed that Wenger had received messages on Signal (an encrypted messaging application) on March 23, 2022, forensic review was not able to recover any actual Signal messages from this time period. *Id.*

## II. Discussion

### A. *Conspiracy to Distribute Controlled Substances*

In order to prove that Wenger conspired to distribute controlled substances, the United States is required to prove that "(1) there existed an agreement between two or more persons to possess with intent to distribute or to distribute the controlled substance; and (2) the defendant joined the agreement knowing of its purpose and intending to help accomplish that purpose." *United States v. Jaimez*, 45 F.4th 1118, 1123 (9th Cir. 2022) (citations omitted and alterations adopted). "Once the existence of the conspiracy is shown, evidence establishing beyond a reasonable doubt a knowing connection of the defendant with the conspiracy, even though the connection is slight, is sufficient to convict him of knowing participation in the conspiracy." *United States v. Collazo*, 984 F.3d 1308, 1319 (9th Cir. 2021) (citation omitted).

Although Wenger may argue that he had a mere buyer-seller relationship with Harris, the evidence at trial will show instead his knowing participation in the conspiracy: Wenger was aware that Harris sold steroids to others; brought up the possibility that Harris could sell steroids to both Wenger's father and B.M.; connected B.M. to Harris; and once Harris agreed to sell steroids to B.M., tried to facilitate the delivery of steroids to B.M. This is more than sufficient to show that Wenger "had the intent to effectuate the object of the conspiracy." *United States v. Collazo*, 984 F.3d 1308, 1319 (9th Cir. 2021).

In addition, Wenger may also argue that he did not know that anabolic steroids were controlled substances under federal law. But "[i]gnorance of the law is no defense, and so the government need not show that the defendant knew anything about the law[.]" *United States v. Hussein*, 351 F.3d 9, 17 (1st Cir. 2003); *see also United States v. Cain*, 130 F.3d 381, 384 (9th Cir. 1997) ("Cain did not have to know that possession of a controlled substance was illegal."). Therefore, it is sufficient that Wenger

knew what he agreed to distribute—specifically anabolic steroids to help "cut fat and gain muscle"—regardless of whether he subjectively believed that such conduct was legal.

### B. *Alteration, Destruction, or Falsification of Records (Obstruction of Justice)*

In order to prove a violation of 18 U.S.C. § 1519, the United States must prove Wenger (1) knowingly altered, destroyed, concealed, or falsified a record, document, or tangible object; (2) acted with the intent to impede, obstruct, or influence an actual or contemplated investigation; and (3) the investigation concerned a matter within the jurisdiction of any agency or department of the United States. *United States v. Gonzalez*, 906 F.3d 784, 793 (9th Cir. 2018). Although Wenger may argue otherwise, it is not necessary that the government prove that Wenger specifically contemplated a federal investigation at the time he deleted the messages described above. *Id.* at 795; *United States v. Moyer*, 674 F.3d 192, 206 (3d Cir. 2012) ("Thus, if the statute does not require the existence of a federal investigation before criminal liability may attach, it certainly does not require the government to identify a specific federal statute that is the focus of the investigation."); *United States v. Gray*, 642 F.3d 371, 379 (2d Cir. 2011) ("Section 1519 does not require the existence or likelihood of a federal investigation." (alteration adopted)).

Instead, "it is enough for the government to prove that the defendant intended to obstruct the investigation of any matter as long as that matter falls within the jurisdiction of a federal department or agency." *Gonzalez*, 906 F.3d at 795. Beyond that, ignorance of the law is once again not a defense: "[t]he defendant need not know that the matter in question falls within the jurisdiction of a federal department or agency." *Id.* Here, the evidence will show that Wenger selectively deleted messages relevant to his purchase and distribution of anabolic steroids, and that the distribution of anabolic

//

//

//

steroids—Schedule III controlled substances—falls within the jurisdiction of multiple federal agencies.

DATED: March 10, 2025　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　PATRICK D. ROBBINS
　　　　　　　　　　　　　　　　　　　　Acting United States Attorney


　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　ERIC CHENG
　　　　　　　　　　　　　　　　　　　　ALETHEA SARGENT
　　　　　　　　　　　　　　　　　　　　AJAY KRISHNAMURTHY
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys