UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVON CHRISTOPHER WENGER,<br><br>Defendant. | Case No. 23-cr-00268-JSW-2<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 186 |

Now before the Court is Defendant Devon Wenger's motion for reconsideration of the Court's order denying Defendant's motion to suppress. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds this matter suitable for resolution without oral argument. For the following reasons, the Court DENIES Defendant's motion.

Defendant has not demonstrated good cause for the Court to revisit its previous ruling. Under Civil Local Rule 7-9[1], a motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before

---

[1] District courts have "inherent authority" to reconsider orders in criminal cases. *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999). The Criminal Local Rules do not directly address motions for reconsideration. However, Criminal Local Rule 2-1 indicates that Civil Local Rules shall apply in criminal cases except where they conflict with a provision of law specifically applicable to criminal cases. Accordingly, Civil Local Rule 7-9, which governs motions for reconsideration in civil cases, provides the applicable standard as it does not conflict with any provision of law specifically applicable to criminal cases.

1  entry of judgment. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral

2  argument previously asserted to the Court. *Id.*, 7-9(c).

3  Defendant argues that reconsideration is appropriate because "newly disclosed

4  documents" support his position that the initial seizure of his phone resulted from a federal, not

5  state, investigation. The newly disclosed documents consist of:

(1) May 2022 correspondence between SA Thuy Zoback, SA Armando Delgado-Campos, SA Rodney Gauthier, and SA Krystal Templin discussing their search warrant results. (Dkt. No. 186-1, Declaration of Dena Marie Young, Ex. A.) The emails do not mention Wenger, or any officer, by name and are at a very high level of generality.

(2) May 2024 correspondence between SA Delgado-Campos and SA Wilson in which Delgado-Campos asks for Wilson's help in verifying his role in the operation in the course of Delgado-Campos applying for a job transfer. (*Id.*, Ex. B.) In relevant part, the email states that Delgado-Campos "planned, organized, and participated in a SW [search warrant] operation to seize personal cellphones of 15 officers and later organized and led their review to ensure pertinent evidence was seized." (*Id.*) Delgado-Campos sent this email more than a year after the Government obtained the first federal search warrant.

(3) An August 2023 email from SA Delgado-Campos to a number of FBI agents and AUSAs to coordinate the arrests of 13 police officers shortly before Defendant's arrest and arraignment and approximately five months after the first federal search warrant was issued. (*Id.*, Ex. C.)

(4) August 2024 correspondence from SA Delgado-Campos to an individual named Albert Fontana. (*Id.*, Ex. D.) This email also relates to Delgado-Campos applying for a job, and he asks Fontana for help in how to phrase his involvement in the operation. He states, without specifying dates, that he "planned, commanded, and participated" in operations to seize the phones of 15 police officers. (*Id.*) Delgado-Campos notes that a majority of officers implicated in the operation faced repercussions at the state, not federal, level.

20  Defendant contends that the above emails demonstrate that the initial state warrant issued

21  for seizure of Defendant's phone and the execution thereof was "federal in fact." (Dkt. No. 186,

22  Mot., at 3:17.) Defendant further argues that "[i]f the 'state' warrant was re-evaluated as the

23  federal warrant it truly was, then it does not in any way conform to federal law." (*Id.* at 4:6-7.)

24  The emails do not contain any "new material facts" which would warrant reconsideration

25  under Rule 7-9. At most, the emails show that SA Delgado-Campos helped plan and lead

26  execution of certain of the search warrants throughout the multi-year investigation. Defendant

27  does not explain why or how this information regarding Delgado-Campos's role should change the

28  Court's analysis pursuant to *United States v. Palmer*, 3 F.3d 300 (9th Cir. 1993). (*See* Dkt. No.

144, Order Denying Motion to Suppress and Supplemental Motion to Suppress, at 11-12.) As the Court noted in its ruling denying a motion to reconsider in the Related Case, *United States v. Wenger*, No. 23-cr-269-JSW-003, "[t]he Government did not obscure the collaboration between state and federal authorities from the Court, and thus additional evidence of that collaboration does not change the calculus." *United States v. Wenger*, No. 23-CR-00269-JSW-3, 2025 WL 72123, at *5 (N.D. Cal. Jan. 10, 2025), *appeal dismissed,* No. 25-407, 2025 WL 1165278 (9th Cir. Feb. 18, 2025).

Because Defendant does not identify a basis to reconsider the Court's ruling on the motion to suppress, the motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: April 25, 2025

_____
JEFFREY S. WHITE
United States District Judge

3