PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
AJAY KRISHNAMURTHY (CABN 305533)
ALETHEA M. SARGENT (CABN 288222)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Eric.Cheng@usdoj.gov
    Ajay.Krishnamurthy@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 23-00268 JSW-2 |
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANT WENGER'S MOTION FOR RELEASE PENDING SENTENCING** |
| v. | |
| DEVON CHRISTOPHER WENGER, | Re: Dkt. No. 210 |
| Defendant. | |

    Absent "exceptional reasons," a district court must order the post-conviction detention of a defendant who "is awaiting imposition . . . of sentence" for "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," unless two requirements are met: (1) the court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed"; and, (2) the defendant can show by clear and convincing evidence that he is not likely to flee or pose a danger to the community. 18 U.S.C. § 3143(a)(2).

    For the reasons set forth below, Wenger does not meet these requirements: this Court has already

denied Wenger's motion for a judgment of acquittal and there is no substantial likelihood that his motion for a new trial will be granted, and the government will recommend the imposition of a custodial sentence for Wenger's crimes. Accordingly, detention is statutorily required without reaching the second prong of whether Wenger has met his burden to show by clear and convincing evidence that he is not likely to flee or pose a danger. Finally, Wenger has not presented "exceptional reasons" that would justify his release at this time.

## I. Factual Background

On August 16, 2023, Wenger was indicted by the grand jury in two federal cases: (1) *United States v. Harris & Wenger*, 23-cr-268 JSW ("the -268 case"), which alleged that Wenger violated 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(E)(i) (Conspiracy to Distribute or Possess with the Intent to Distribute Anabolic Steroids) and 18 U.S.C. § 1519 (Destruction, Alteration, or Falsification of Records); and (2) *United States v. Amiri et al.*, 23-cr-269 JSW ("the -269 case"), which alleged that Wenger violated 18 U.S.C. §§ 241 (Conspiracy Against Rights) and 242 (Deprivation of Rights Under Color of Law).

<u>-268 Case</u>: On September 17, 2024, codefendant Daniel Harris pleaded guilty to three violations under 21 U.S.C. §§ 841 and/or 846. On April 30, 2025, Wenger was found guilty of both felony offenses that he was charged with, following a jury trial.

<u>-269 Case</u>: On January 14, 2025, codefendant Eric Rombough pleaded guilty to violations of 18 U.S.C. §§ 241 and 242. Jury trial as to Wenger and codefendant Amiri began on March 3. After two days of trial, the Court declared a mistrial as to Wenger, pursuant to his counsel's request. On March 14, Amiri was found guilty of deprivation of rights in violation of 18 U.S.C. § 241 and one count of falsifying records in violation of 18 U.S.C. § 1519 by the jury, and on March 18 was remanded by the Court. Wenger's retrial is set for July 21, 2025.

## II. Applicable Law

Title 18 of the United States Code, Section 3143 governs the release or detention of a defendant who is awaiting imposition of sentence. Under that statute, defendants who have been convicted of a "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act" (18 U.S.C. § 3142(f)(1)(C)) shall be detained unless:

(A)
    (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

    (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

If the requirements of Section 3143 are met, detention is mandatory unless the defendant "clearly shows" that "there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145.

### III.  Argument

    A.  <u>*Wenger has been convicted of a qualifying Controlled Substances Act offense.*</u>

As an initial matter, the requirements of 18 U.S.C. § 3143(a)(2) apply because Wenger has been convicted of "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(f)(1)C). Here, Count One (21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(E)(i)) is an offense under the Controlled Substances Act that carries a maximum of 10 years of imprisonment. As such, 18 U.S.C. § 3143(a)(2) applies to the question of Wenger's detention pending sentencing, as Wenger concedes in his motion. Dkt. No. 210 at 1.

    B.  <u>*Wenger does not meet the requirements of the first prong, 18 U.S.C. § 3143(a)(2)(A).*</u>

Because Wenger has been convicted of a qualifying violation under the Controlled Substances Act, he must meet the requirements of the first prong under 18 U.S.C. § 3143(a)(2) to avoid detention pending the imposition of his sentence. Specifically, he must show that either "there is a substantial likelihood that a motion for acquittal or new trial will be granted," or that the "attorney for the Government [will] recommend[] that no sentence of imprisonment be imposed." 18 U.S.C. § 3143(a)(2)(A)(i), (ii).

Neither condition is met here. First, there is no substantial likelihood that a motion for acquittal or new trial will be granted. This Court has already denied Wenger's motion for a judgment of acquittal. *See* Dkt. No. 204 at 1. Wenger's motion asserts three new theories regarding "irregularities in the trial and in certain critical items of evidence," without support: (1) that the contents of the package discussed

3

at trial were allegedly "altered by the FBI," (2) that allegedly "false and misleading testimony" was elicited about Wenger's deletion of evidence, and (3) that "the handling of the verdict" had "[i]rregularities." Dkt. No. 210 at 3–4. Speculative theories do not raise a likelihood, much less a "substantial likelihood," that acquittal or a new trial is warranted. This is especially true because Wenger did not raise any of these claims at the time of trial—meaning that his arguments must be reviewed under the plain error standard of review—and because Wenger does not assert that any of these issues arise from newly-discovered evidence.[1]

Beyond that, the Sentencing Guidelines call for, and the United States will recommend, a custodial sentence in this case. Thus, Wenger has not met the conditions set forth in the first prong under 18 U.S.C. § 3143(a)(2)(A).

C. <u>Wenger does not show the second prong, 18 U.S.C. § 3143(a)(2)(B), that he is not likely to flee or pose a danger to the community by clear and convincing evidence.</u>

Because Wenger fails to satisfy the requirements of the first prong, 18 U.S.C. § 3143(a)(2)(A), the Court need not reach the question in the second prong of whether Wenger poses a flight risk or danger to the community.

Even if Wenger met the requirements of the first prong, Wenger would bear the burden to show "by clear and convincing evidence" that he "is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B). Because Wenger has now been convicted by the jury, "[t]he burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). The statutory scheme "creates a presumption in favor of detention; it places the burden on the defendant to defeat that presumption; and it requires the defendant to carry that burden by clear and convincing evidence, not by a mere preponderance." *See United States v. Abuhamra*, 389 F.3d 309, 320 (2d Cir. 2004).

Here, Wenger's motion only mentions his lack of issues on pretrial release since his indictment in August 2023. Dkt. No. 210 at 2. Although Wenger was released pursuant to bail conditions prior to

---

[1] Under the plain error standard of review, Wenger bears the burden of showing that (1) there was error; (2) which was plain, meaning clear or obvious; (3) which affected substantial rights, meaning that but for the error, the outcome of the proceeding would have been different; and (4) the error had a serious effect on the fairness, integrity, or public reputation of judicial proceedings. *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021).

4

trial, the posture of this case is now different. Wenger has since been convicted of multiple felonies and faces the certainty of punishment for his offenses.

Moreover, Wenger remains charged with a crime of violence (18 U.S.C. § 242, Deprivation of Rights Under Color of Law) in the -269 case, for which the Court has already heard evidence at trial prior to the declaration of mistrial as to Wenger. "A crime of violence, by definition, entails dangers to the community." *United States v. Devinna*, 5 F. Supp. 2d 872, 873 (E.D. Cal. 1998).

D. *There are no exceptional circumstances that warrant release*.

Even if Wenger were able to satisfy the requirements of both prongs of 18 U.S.C. § 3143(a)(2), this Court must order him detained unless "it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145. A district court "should examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released pending appeal) it would be unreasonable to incarcerate the defendant prior to the appellate court's resolution of his appeal." *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003).

To this end, Wenger first asserts that his "participat[ion] in a program of higher education … would be disrupted unnecessarily by immediate incarceration." Dkt. No. 210 at 2. However, "[h]ardships that commonly result from imprisonment do not meet the standard." *Garcia*, 340 F.3d at 1022. This is so because "[t]he general rule must remain that conviction for a covered offense entails immediate incarceration." *Id.* Courts have rejected the idea that ongoing education entitles a defendant to release under 18 U.S.C. § 3145. *See, e.g.*, *United States v. Lea*, 360 F.3d 401, 403–04 (2d Cir. 2004) ("[T]here is nothing exceptional about going to school, being employed, or being a first - time offender, either separately or in combination[.]").

Wenger next contends that his "status as a former law enforcement officer will render incarceration especially difficult for him." Dkt. No. 210 at 2. The government is not aware of any specific concerns from the U.S. Marshals in this regard, and notes that Wenger's codefendant Amiri in the -269 case has been detained at an alternative detention facility having such concerns in mind. Moreover, the Ninth Circuit has rejected finding "exceptional reasons" due to a defendant's status as a

former state law enforcement officer. *See Garcia*, 340 F.3d at 1021 ("No 'strain' arises between sovereigns when the federal government prosecutes and convicts a state law enforcement officer… [D]efendants' novel assertion to the contrary would, if accepted, create a special dispensation available only to state-employed criminals.").

Finally, Wenger argues that detention will "make it difficult, if not impossible, for trial counsel to spend adequate time meeting with Wenger" and for Wenger to prepare for trial in the -269 case. But aiding in the preparation of one's defense is not an "exceptional" circumstance, as is regularly observed in federal cases involving pretrial detention. *Cf. United States v. Villegas*, Case No. 2:19-cr-568, 587 F.Supp.3d 1010, 1013 (C.D. Cal. Apr. 3, 2020) ("If federal courts had to order temporary release just because it would aid a defendant's ability to work with counsel, the exception in section 3142(i) would swallow all detention orders.").

At bottom, Wenger has not presented "exceptional reasons" that would justify his release following his felony convictions by the jury.

## IV. Conclusion

Wenger has not met the statutory requirements for release in a mandatory detention case, and he has not presented "exceptional reasons" that would justify his release at this time.

DATED: April 6, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

/s/
ERIC CHENG
AJAY KRISHNAMURTHY
ALETHEA SARGENT
Assistant United States Attorneys

6